# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **CLAUDE GENE SLOAN,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:20CV00292 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA, BOP,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondents. | ) | |

*Claude Gene Sloan, Pro Se Petitioner.*

The petitioner, Claude Gene Sloan, a federal inmate confined in Kentucky, brings this action as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Given the nature of Sloan's claims, I conclude that the petition is appropriately construed as a second Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

Sloan pleaded guilty in this court on August 16, 2018, pursuant to a written Plea Agreement, to possession of a firearm by a convicted felon, to manufacturing, and possession with intent to distribute, more than 100 marijuana plants, and to distribution of marijuana. I sentenced Sloan on November 14, 2018, to a total term of 144 months imprisonment. He did not appeal. In February 2019, Sloan filed a § 2255 motion that I denied as lacking merit. *United States v. Sloan*, No. 2:18CR00004, 2020 WL 1672788 (W.D. Va. Apr. 6, 2020).

In the current petition, Sloan contends that I improperly enhanced his sentence based on witnesses' lies about Sloan being suspected of starting several fires. He also complains that I called him a pyromaniac, based on these lies, and that the sentence imposed violated the Plea Agreement. As relief, he seeks to be resentenced, consistent with the terms of the Plea Agreement.

A federal inmate may use a § 2241 petition to challenge his sentence as imposed only in limited circumstances. *See United States v. Wheeler*, 886 F.3d 415, 423–24 (4th Cir. 2018). Because Sloan does not show that his sentence is now fundamentally defective in light of changes to applicable substantive law since his first § 2255 proceeding, he has not proven jurisdiction to proceed with his claims in a § 2241 petition. *Id.* at 429.[1] Accordingly, it is **ORDERED** that the petition is hereby construed as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 and the Clerk is directed to docket it as such in Case No. 2:18CR00004. This new § 2255 motion will be addressed separately.

ENTER: May 22, 2020

/s/ JAMES P. JONES
United States District Judge

---

[1] It is also established that a § 2241 petition must be filed in the district in which the prisoner is confined. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). Sloan is not confined in the Western District of Virginia.